IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02307–MSK–KMT

SHANNON BRYANT,

    Plaintiff,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, and
ALLIANZ LIFE FINANCIAL SERVICES, LLC,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to Amend Complaint" (Doc. No. 19, filed January 29, 2010).

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the

> leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiffs seeks to add additional claims and to correct a typographical error in her original complaint. The deadline for amending pleadings was set by this court at January 29, 2010. Plaintiff's motion was, therefore, timely filed. Further, the case is in the early stages of litigation.

Defendants have not responded to the motion. There has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Amend Complaint" (Doc. No. 19) is GRANTED. The Clerk of Court shall file Plaintiff's "First Amended Complaint and Jury Demand" (Doc. No. 19-2).

Dated this 26th day of February, 2010.

                                                **BY THE COURT:**

                                                Kathleen M. Tafoya
                                                United States Magistrate Judge