IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02307–MSK–KMT

SHANNON BRYANT,

    Plaintiff,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, and
ALLIANZ LIFE FINANCIAL SERVICES, LLC,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Unopposed Second Motion to Amend Complaint." (Doc. No. 67, filed May 28, 2010.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the

> leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

In her Motion, Plaintiff seeks to amend her "First Amended Complaint and Jury Demand" (Doc. No. 37) to add claims previously submitted for arbitration before the Financial Industry Regulatory Authority ("FINRA"). More specifically, Defendants filed a motion before the FINRA to consolidate the claims subject to arbitration with her claims in this court. Since that time, the parties have apparently agreed to consolidate all of Plaintiff's related claims against Defendant in this court. Accordingly, Plaintiff seeks to amend her Complaint to add the claims previously submitted to the FINRA for arbitration.

As a threshold matter the court notes that the deadline for amending pleadings was set by this court in the Scheduling Order for January 29, 2010. (Doc. No. 16, entered Dec. 15, 2009.) Therefore, Plaintiff's Motion is untimely. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (internal citations omitted). When considering the showing necessary to establish "undue" delay, "[t]his Circuit . . . focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

2

Here the court is convinced that the Plaintiff has set forth an adequate explanation for her delay in seeking amendment. Plaintiff's proposed amended claims were properly presented in a different forum, the NICRA, and only a previously unresolved dispute as to whether those claims should be consolidated with the present case or remain before the NICRA caused Plaintiff's delay in filing her present Motion. Because the parties only recently agreed to consolidate all of Plaintiff's related claims against Defendants in this court, the court does not find that Plaintiff's Motion was unduly delayed. Additionally, because Defendants do not oppose Plaintiff's Motion, and have otherwise been on notice of Plaintiff's proposed amended claims for some time, albeit in a different forum, the court does not find that Defendants are prejudiced by Plaintiff's proposed amendments. *Orr v. City of Albuquerque,* 417 F.3d 1144, 1153 (a defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial).

The court also considers Plaintiff's Motion to the extent that she requests an order requiring Defendants to withdraw their Ninth Affirmative Defense, as set forth in their "Answer to First Amended Complaint." (Doc. No. 41, filed Mar. 11, 2010.) The court finds such relief to be improper at this juncture. More specifically, because the court is otherwise granting Plaintiff's request for leave to amend her First Amended Complaint, Defendants' Answer to the First Amended Complaint will be mooted as responsive to an inoperative pleading. If Defendants fail to withdraw their Ninth Affirmative Defense in responding to Plaintiff's Second Amended Complaint, Plaintiff can seek appropriate relief at that time.

Wherefore, it is **ORDERED**

"Plaintiff's Unopposed Second Motion to Amend Complaint" (Doc. No. 67) is **GRANTED** in part and **DENIED** in part. Plaintiff's Motion is **GRANTED** insofar as Plaintiff seeks leave to amend her "First Amended Complaint and Jury Demand." (Doc. No. 37.) The Clerk of Court shall file Plaintiff's "Second Amended Complaint and Jury Demand." (Doc. No. 67–7.) Plaintiff's Motion is **DENIED** insofar as its seeks an order requiring Defendants to withdraw their Ninth Affirmative Defense as contained in the "Answer to First Amended Complaint." (Doc. No. 41.)

Dated this 3rd day of June, 2010.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge