IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02307-MSK-KMT

SHANNON BRYANT,

        Plaintiff,

vs.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,
and ALLIANZ LIFE FINANCIAL
SERVICES, LLC,

        Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING
## CONFIDENTIAL DISCOVERY MATTERS

WHEREAS, the parties may in the future serve discovery requests; and

WHEREAS, certain materials may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential or proprietary information, as more fully defined below; and

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order Regarding Confidential Discovery Matters ("Stipulated Protective Order") as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information; and

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered in the future by the Court, without further notice, in order to safeguard the

confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

Any and all information, documents, or materials produced, including, without limitation, answers to interrogatories, responses to other discovery requests, deposition transcripts, or applicable portions thereof, and documents which have been marked, stamped, or otherwise identified by either party as "Confidential" shall be subject to the following restrictions of the Stipulated Protective Order. "Confidential" information or documents shall be defined to include: (1) information contained in Defendants' customer or client files; (2) materials that are sales-related or relate to Defendants' sales strategies; (3) the identity of or information relating to Defendants' customers; (4) information concerning Defendants' financial records; (5) documents which contain any trade secret of either Defendants; (6) any address, telephone number, social security number, or medical information of any employee of either Defendant; and (7) tax returns or other financial documents of Plaintiff.

For purposes of this Protective Order, the term "Confidential Information"means information that counsel of record for the designating party has determined, in good faith implicates common law and statutory privacy interests of confidential information, and may include, by way of example: non-public confidential proprietary data, non-public confidential proprietary business information; and non-public confidential research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the

good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

1. Except as otherwise provided, access to any "Confidential" materials shall be limited solely to the following persons:

(a) Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) the Plaintiff, the Defendants, and any officers, directors, agents, or employees of a party who have a need for such disclosure in order to conduct this litigation;

(c) any expert or consultant retained for the conduct of this litigation;

(d) any prospective or actual deponent or trial witness who has seen such "Confidential" materials before this lawsuit was commenced as part of his or her normal and legitimate duties or functions;

(e) any other prospective or actual deponent or trial witness, whether or not he or she has previously seen such "Confidential" materials before this lawsuit commenced, who has a need to see such "Confidential" materials in order to testify or to prepare for giving testimony; and

(f) the Court and authorized Court personnel (including, but not limited to, court reporters).

Before disclosing "Confidential" materials to any person in categories (c) or (e) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is familiar with and agrees to comply with the terms of this Stipulated Protective Order and

further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

2. "Confidential" materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in Paragraph 1 above, nor shall such "Confidential" materials or their contents be publicized in any manner.

3. Any information a designating party intends to be "Confidential" shall be so designated prior to production by stamping "Confidential" on the first page of the document or in a similarly conspicuous fashion (in the case of non-documentary information). In addition, either party may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 30 days after initially receiving the deposition transcript. If a portion of the deposition testimony is designated "Confidential," the court reporter shall mark the portion of the transcript accordingly in the text of the transcript itself. Finally, information produced by a third party in response to a subpoena may be designated "Confidential" by either party within 10 days after it is produced to that party.

4. If Defendants or Plaintiff believe that any material produced or disclosed in the course of discovery is not "Confidential" information, they may contest the applicability of this Stipulated Protective Order to such material by notifying the other party in writing and identifying the particular information or material for which the confidentiality designation is contested. If the parties are unable to come to an agreement, then the party challenging the "Confidential" designation must move the Court to treat such information as non-confidential; such action should be taken within 30 days of the date the parties have reached an *impasse* on the

issue, or by the non-dispositive motion deadline, whichever is earlier. During the period during which a party has the right to file such a motion, and, if a timely motion is filed, until a ruling is issued on the motion, the information in question shall continue to be treated as "Confidential." In connection with any such motion, the parties agree that this Stipulated Protective Order does not alter any rules of civil procedure or any applicable burden of proof.

5. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as "Confidential" shall not constitute a waiver of the rights of a party subsequently to designate such materials as "Confidential" or otherwise to assert confidentiality with respect to any document, material, or information. Any information, document or material subsequently designated as "Confidential" shall be treated as if it had been so designated when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of information, documents, or materials, one identical or substantially similar copy of which has been designated as "Confidential," all copies shall be treated as so designated. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as "Confidential" shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

6. The inadvertent production of any privileged and/or work product information, document, or materials shall not constitute a waiver of the privilege or work product protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the party to whom the document has been produced shall return the materials or document promptly and not retain any copies, summaries or other abstracts. The party to whom the privileged or protected materials were produced may

file a motion to challenge the claim of privilege or protection and to compel production of the document or materials.

7. If any party wishes to file under seal any materials designated as "Confidential," that party must notify the party who made the "Confidential" designation at least 10 days prior to the filing deadline to allow the party making the "Confidential" designation to ask the Court to require filing of such material under seal.

8. This Stipulated Protective Order and the handling of "Confidential" materials may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order.

9. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, all "Confidential" materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials shall be returned or destroyed.

10. Nothing in this Stipulated Protective Order Regarding precludes a party from using any document or item it has designated as "Confidential" as such party sees fit.

Dated this 7th day of July, 2010.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge

Dated: June 25, 2010

       *s/ David R. Struthers*
       **GODFREY & LAPUYADE, P.C.**

       David R. Struthers (#14321)
       9557 South Kingston Court
       Englewood, CO 80112
       Telephone (303) 228-0700
       struthers@godlap.com

       Counsel for Plaintiff


Dated: June 25, 2010

       **DORSEY & WHITNEY LLP**
       *s/ Stephen D. Bell*
       Stephen D. Bell (CO #022419)
       370 Seventeenth Street, #4700
       Denver, CO 80202-5647
       Telephone: (303) 629-3405
       bell.steve@dorsey.com


       s/ Holly S.A. Eng
       Holly S. A. Eng (MN #238018)
       *Admitted Pro Hac Vice*
       Suite 1500, 50 South Sixth Street
       Minneapolis, MN 55402-1498
       Telephone: (612) 343-2164
       eng.holly@dorsey.com

       Counsel for Defendants

# EXHIBIT A

## AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in <u>Shannon Bryant v. Allianz Life Insurance Company of North America and Allianz Life Financial Services, LLC</u>, Civil File No. 09-CV-02307 MSK-KMT; has read such Stipulated Protective Order Regarding Confidential Discovery Matters; agrees to be bound by all of the terms thereof; and further agrees that the United States District Court for the District of Colorado may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

Dated: _____

Signed: _____

Printed Name: _____