IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02307-MSK-KMT

SHANNON BRYANT,

    Plaintiff,

v.

ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA; and
ALLIANZ LIFE FINANCIAL SERVICES, LLC,

    Defendants.

---

**OPINION AND ORDER GRANTING MOTION TO TRANSFER AND
TRANSFERRING CASE TO THE DISTRICT OF MINNESOTA**

---

**THIS MATTER** comes before the Court on (1) Defendants Allianz Life Insurance Company of North America and Allianz Life Financial Services, LLC's[1] Second Motion to Transfer Case **(#27)**, brief in support **(#28)** and supporting affidavits **(#29, 30)**, Plaintiff Shannon Bryant's response **(#32)** and supporting exhibits **(#33, 34)**, Allianz's reply **(#39)** and affidavit **(#40)**, and Allianz's supplemental brief **(#71)**; (2) Allianz's Renewed Motion for Hearing/Conference on their Motion to Transfer **(#45)**, Ms. Bryant's response **(#54)**, and Allianz's reply **(#55)**; and (3) Ms. Bryant's Motion for leave to file a surreply **(#52)** and surreply **(#53)** and Allianz's response **(#56)**.  Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

---

[1] The Defendants are collectively referred to as "Allianz."

## I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

The issue presented is whether this case should be transferred to the District of Minnesota pursuant to 28 U.S.C. § 1404(a).

## III. Material Facts

This is an action arising from Ms. Bryant's termination from her employment with Allianz. Allianz is a national company with its principal place of business and corporate headquarters in Minneapolis, Minnesota. This is where eighty percent of the company employees are located, including most of the individuals who made decisions as to Ms. Bryant's employment, and where the company records are stored.

Ms. Bryant was hired in November 2001 as a sales representative for Allianz's insurance products in a territory consisting of Colorado, New Mexico, and El Paso, Texas. From 2003 through her termination in 2008, she lived in and worked from Colorado Springs, Colorado. Following her maternity leave in late 2007 to early 2008, Allianz's Minnesota-based Vice President dramatically reduced her sales territory, giving it instead to a male sales representative. Her employment was terminated in May 2008 by supervisors in Minnesota and Texas, allegedly based on her conduct during a particular transaction with Colorado clients. This conduct also resulted in an investigation by the Financial Industry Regulatory Authority, the major financial licensing and regulation agency, but ultimately concluded with a no-action decision. Because Ms. Bryant was no longer employed by Allianz (and, therefore, without that income), Ms. Bryant sold her home in Colorado and moved to Stillwater, Minnesota (approximately twenty-five miles

outside of Minneapolis). This is where Ms. Bryant currently resides.

Ms. Bryant asserts four claims for discrimination in violation of Title VII of the Civil Rights Act of 1964. In addition, she asserts claims under the Equal Pay Act, for reinstatement under the Family Medical Leave Act, for breach of contract, and for defamation.

### IV. Analysis

As a preliminary matter, the Court considers Ms. Bryant's Motion to File a Surreply and Allianz's Motion for a Hearing. To assist its understanding of the issues, the Court **GRANTS** Ms. Bryant's Motion to File a Surreply **(#52)** and will consider the surreply. However, the Court determines that no hearing is necessary and, therefore, **DENIES** Allianz's Motion for a Hearing **(#45)**.

Allianz requests that this case be transferred to the District of Minnesota pursuant to 28 U.S.C. § 1404(a) for the convenience of both the parties and the witnesses in the action. Ms. Bryant opposes the request, arguing that the case should proceed in the District of Colorado where she initiated it.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where it could have initially been brought for the convenience of the parties and witnesses. The party moving to transfer, here Allianz, bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Unless the evidence and the circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should not be disturbed. *See Tex. Gulf Sulphur v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

Section 1404(a) requires a court to adjudicate motions for transfer through an

individualized, case-by-case analysis of convenience and fairness. *See Chrysler Credit Corp.*, 928 F.2d at 1516. The factors that a court considers are the plaintiff's choice of forum, the accessibility of witnesses and the other sources of proof (including the availability of compulsory process to ensure attendance of witnesses), the cost of making the necessary proof, questions as to the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law, and all other considerations of a practical nature that make a trial easy, expeditious, and economical. *See id.*; *Tex. Gulf Sulphur*, 371 F.2d at 147.

There is no dispute that the action could have been brought in the District of Minnesota. Pursuant to the Title VII venue provision, for purposes of sections 1404, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought. *See* 28 U.S.C. § 2000e-5(f)(3). Because Allianz's principal place of business is in Minnesota, the action could have been initiated there.

Convenience of the parties supports a transfer to Minnesota because both are located there. Ms. Bryant currently resides in Minnesota and Allianz's principal place of business is in Minnesota.

With regard to convenience of the witnesses, Allianz asserts that the majority of the witnesses, including most of the individual Allianz employees who made the decisions regarding Ms. Bryant's sales territory and eventual termination, are located in Minnesota (one is located in Texas). Allianz has identified 24 possible witnesses, ten of whom reside in Minnesota, two of whom reside in Colorado, and the remainder of whom reside in various states across the country.

Ms. Bryant has identified 29 witnesses, 26 of whom reside in Colorado. Because the justification for her termination allegedly involves a transaction with Colorado residents, she argues that the majority of her witnesses are located in Colorado. She argues that these witnesses are outside the compulsory process area of Minnesota and, therefore, cannot be compelled to testify by the district court in Minnesota, and that transporting all of these witnesses to Minnesota would be prohibitively costly.

After reviewing the lists of identified witnesses, the Court finds that there are two groups of witnesses that are critical to the claims asserted - those employed by Allianz who participated in making decisions with regard to Ms. Bryant's territory and employment, and those involved in the transaction that allegedly was the justification for her termination. One group is located in Minnesota, the other in Colorado. The number of witnesses designated by each party is not particularly persuasive because the description of the witness' testimony does not reveal whether particular testimony is critical and unique, or to what degree the testimony of a particular witness will be redundant and cumulative of other evidence. This is particularly true with regard to Ms. Bryant's list of witnesses, whose testimony is described only in a vague and repetitive manner.[2]

It is clear that no matter where the case is tried, there will be some witnesses who have to travel, testify remotely by video or telephone, or who will have their testimony preserved by deposition. Thus, this factor does not weigh heavily toward or against transfer to Colorado.

The documentary evidence in this case is located in Minnesota. Although this factor is

---

[2] The testimony for fifteen witnesses listed as residing in Colorado is "Plaintiff's business conduct/behavior compared with that of Allianz; Allianz products/policies."

5

generally less significant if documentary evidence has been digitized, because all of the relevant documents[3] are located in Minnesota, the factor weighs slightly in favor of a transfer.

Finally, although there is no difference in the law to be applied, it appears that the District of Minnesota may be in a better position to try this case than is the District of Colorado[4] and has a slightly better ability to enforce any judgment because Allianz is located there.

Considering the convenience of the parties and the interests of justice, the Court concludes that a transfer of this case to the District of Minnesota is warranted.

**IT IS THEREFORE ORDERED** that

(1)   Ms. Bryant's Motion for leave to file a surreply **(#52)** is **GRANTED**.

(2)   Allianz's Renewed Motion for Hearing/Conference on their Motion to Transfer **(#45)** is **DENIED**.

---

[3] Allianz's records regarding Ms. Bryant, her employment, her termination, and its policies are located in Minnesota. Additionally, Ms. Bryant's personal files are also likely in Minnesota as that is now her state of residence.

[4] Congestion of the docket in the two districts weighs slightly in favor of a transfer. The District of Colorado currently has 2 judicial vacancies; the District of Minnesota has one. *See* U.S. Courts website, www.uscourts.gov.

(3) Allianz's Second Motion to Transfer Case **(#27)** is **GRANTED**.

(4) The Clerk shall transfer this matter to the District of Minnesota.

Dated this 10th day of August, 2010

                            **BY THE COURT:**

                            Marcia S. Krieger
                            United States District Judge